IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LA'MARCUS KELLY,

     Plaintiff,

v.                                                    Case No. 5:17-cv-278-MCR-GRJ

VILCHEZ, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint.

(ECF No. 1.)[1] Plaintiff was granted leave to proceed as pauper. (ECF No.

4.) The Court thereafter struck Plaintiff's complaint and directed him to file

an amended complaint by December 21, 2017. (ECF No. 5.)

Accordingly, Plaintiff filed an amended complaint, which the Court

screened and identified several deficiencies. (ECF Nos. 7–8.) The Court

therefore directed Plaintiff to file a second amended complaint by February

2, 2018. (ECF No. 8.) The Court warned Plaintiff that "[f]ailure to comply

with this order within the allotted time, or to show cause why Plaintiff is

unable to comply, will result in a recommendation to the district judge that

_____

[1] Plaintiff was an inmate in the custody of the Florida Department of Corrections
when he initiated this case, but has since been released from custody.

the case be dismissed without further notice for failure to prosecute and for failure to follow a Court order." (*Id.* at 4–5.) As of the date of this report and recommendation, however, Plaintiff has not filed a second amended complaint. Although Plaintiff recently filed two notices of change of address, neither notice requests an extension of time to file his second amended complaint. (ECF Nos. 9–10.)

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to file a second amended complaint, and despite a clear warning that failure to comply with the Court's order would result in a recommendation that the case be dismissed without further notice, Plaintiff has failed to comply.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a Court order and for failure to

prosecute.

**IN CHAMBERS**, this 12th day of February 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.